IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



RYAN NELSON JOHNS,

    Petitioner,

v.                               Civil Action No. 3:13CV63

VA DOC,

    Respondent.

**MEMORANDUM OPINION**

Ryan Nelson Johns, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 3). Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Johns has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 7) will be granted.

### I.    PROCEDURAL HISTORY

#### A.    State Proceedings

Following a guilty plea, the Circuit Court of the City of Norfolk ("Circuit Court") convicted Johns of first-degree murder, attempted robbery, and use of a firearm in the commission of a felony. (§ 2254 Pet. 1.) On March 11, 2011, the Circuit Court entered final judgment with respect to the above convictions and sentenced Johns to an active prison term of forty-two years. Commonwealth v. Johns, Nos. CR10001921-01,

CR10001921-04, CR10001921-07, at 1-4 (Va. Cir. Ct. Mar. 11, 2011).

Johns did not appeal or file a state petition for a writ of habeas corpus.

**B.     Federal Habeas Petition**

On January 30, 2013, the Court received Johns's original § 2254 petition. (ECF No. 1, at 1.) Johns failed to state when he mailed the original petition to this Court. However, the envelope that accompanied the original petition bears a stamp, presumably from the prison mail room, reflecting "RECEIVED," "JAN 23 2013," and "MAILROOM." (ECF No. 1-1.) Thereafter, the Court directed Johns to file his habeas petition on the standardized forms for filing a § 2254 petition. (ECF No. 2, at 1.) On May 13, 2013, the Court received Johns's § 2254 Petition on the standardized forms wherein he raises the following grounds for relief:

| | |
|---|---|
| Claim One | Counsel failed to consult with Johns regarding an appeal. In support of this claim, Johns states: "Though I concurred with a plea for 42 years it was not my expectations to receive the entire 42 years. And if I would have been made cognizant of my constitutional right to appeal . . . I would have exercised that right." (§ 2254 Pet. 6 (capitalization corrected ).) |
| Claim Two | Counsel failed to conduct any presentence investigation. (<u>Id.</u> at 7.) |

2

Claim Three   Counsel provided deficient advice by encouraging Johns to plead guilty. (Id. at 9.)

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Johns's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. Commencement Of The Statute Of Limitations Under 28 U.S.C. § 2244(d)(1)(A)**

Johns's judgment became final on Monday, April 11, 2011, when the time to file a notice of appeal expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a).[1] Thus, Johns had to file his § 2254 Petition by Wednesday April 11, 2012. Because Johns failed to file his § 2254 Petition until January of 2013, the statute of limitations bars the § 2254 Petition unless Johns demonstrates

---

[1] The rule provides, in pertinent part:

> No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, . . . counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel.

Va. Sup. Ct. R. 5A:6(a) (West 2011).

4

entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling.

### C. Belated Commencement

Although not argued by Johns, the Court will assume without deciding that counsel's alleged failure to notify Johns of his right to appeal provides a basis for the belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D).[2] DiCenzi v. Rose, 452 F.3d 465, 469-72 (6th Cir. 2006) (permitting belated commencement to date when petitioner, acting with reasonable diligence, could have discovered that he retained a right to appeal).[3] Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. See Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. DiCenzi, 452 F.3d at 471. Due diligence "at

---

[2] The Circuit Court failed to inform Johns at his sentencing of his right to appeal.

[3] A strong argument can be made that Johns's ignorance of any right to appeal fails to warrant a belated commencement of the limitation period. Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Johns knew of his attorney's failure to advise him of his right to appeal as of his sentencing on February 8, 2011. Thus, for Claim One, under § 2244(d)(1)(D), the limitation period would commence as of the date of Johns's sentencing, not from the date that Johns discovered the legal significance of counsel's alleged omission. See Klein v. Franklin, 437 F. App'x 681, 684 (10th Cir. 2011) (citing Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000); Owens, 235 F.3d at 359)).

5

least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date under which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). See id. at 1540-41 (rejecting petitioner's assertion that he could not have discovered his new Brady[4] claim prior to filing his first § 2254 petition). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

Here, Johns fails to offer any facts tending to show he acted with diligence. See In re Boshears, 110 F.3d at 1540-41. Moreover, if Johns had simply inquired of his counsel he could have discovered whether he had a right to appeal. Additionally, Johns fails to suggest why some simple research in the prison

---

[4] Brady v. Maryland, 373 U.S. 83 (1963).

law library would not have revealed his right to appeal. Accordingly, acting with diligence, any reasonable petitioner could have ascertained whether he retained a right to appeal at least within six months after his sentencing. Therefore, under 28 U.S.C. § 2244(d)(1)(D), the limitation period would commence no later than Monday, September 12, 2011. Johns failed to file his § 2254 Petition within one year of that date. Accordingly, the statute of limitations bars the § 2254 Petition.

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 7) will be granted. The § 2254 Petition will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

7

No law or evidence suggests that Johns is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Johns and counsel for Respondent.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 30, 2014